UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:

TIMOTHY R. LANTZ,                      Case No. 16-01901-TOM

         Debtor.                          Chapter 13

_____/

**MULTIBANK 2009-1 RES-ADC VENTURE, LLC'S OBJECTION TO CONFIRMATION OF THE DEBTOR'S AMENDED CHAPTER 13 PLAN**

Creditor Multibank 2009-1 RES-ADC Venture, LLC ("Multibank"), by undersigned counsel, objects to confirmation of the Debtor's Amended Chapter 13 Plan (D.E. 31) filed by Timothy R. Lantz (the "Debtor"), and in support states as follows:

1. On May 10, 2016, the Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code.

2. Multibank's interest in this case is based upon a promissory note in the original principal amount of $52,100.00, which is secured by a mortgage encumbering real property located at 713 83rd Place South, Birmingham, Alabama, 35206.

3. Pursuant to a Mortgage and Security Agreement dated December 3, 2015, Multibank is further secured by a junior mortgage lien on the following properties: 225 Redwood Street, Birmingham, AL 35210; 236 Daly Street, Birmingham, AL 35210; 4832 Scenic View Drive, Birmingham, AL 35210; 4941 Scenic View Drive, Birmingham, AL 35210; 715 83rd Place, Birmingham, AL 35206; 8341 Vassar Avenue, Birmingham, AL 35206; 750 83rd Street, Birmingham, AL 35206.

4. On June 22, 2016, Multibank filed its secured proof of claim in the amount of $43,169.20 (Claim 3).

5. The Debtor schedules a total of $52,000.00 in unsecured claims. The Debtor's Plan proposed to pay unsecured creditors 10% of their claim amount over a five year commitment period. (D.E. 17).

6. On June 17, 2016, the Debtor filed his Amended Plan, which now proposes to pay unsecured creditors 1% of their claim amount over a five year commitment period.

## I. The Plan Fails to Treat Multibank's Secured Claim

7. The Debtor schedules Multibank as an unsecured creditor with a scheduled claim of $40,644.21.

8. As noted herein, and as more fully set forth in Multibank's proof of claim, Multibank is secured by mortgages on all of the Debtor's scheduled real property.

9. Because the Debtor's Chapter 13 plan does not provide for any payment to Multibank on account of its liens, the plan improperly treats Multibank's secured claim in violation of §1325(a)(5).

## II. The Plan Does Not Satisfy the Best Interests of Creditors Test

10. In the alternative, the Debtor's Chapter 13 plan does not satisfy the best interests of creditors test.

11. Section 1325(a)(4) provides that a Chapter 13 plan cannot be confirmed unless it satisfies what is known as the "best interest of creditors test." *In re Marcus*, No. 08-81050-WRS, 2009 WL 262762, at *3 (Bankr. M.D. Ala. Feb. 4, 2009).

Section 1325(a)(4) provides:

> (a) Except as provided in subsection (b), the court shall confirm a plan if—
>
> …

(4) the value, as of the effective date of the plan, of the property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

12. In other words, a debtor must make payments to the Chapter 13 trustee sufficient to enable the Chapter 13 trustee to distribute funds to unsecured creditors that are at least as much as the value of the Debtor's non-exempt property. Generally, in a Chapter 7 liquidation, unsecured creditors receive a value equal to the net non-exempt assets of the estate, less any costs of administration of the Chapter 7 case. *Marcus*, 2009 WL 262762, fn.2 ("The "best interests" test requires a hypothetical liquidation of the debtor's property and a determination as to how much would be paid to unsecured creditors, if the case were one under Chapter 7.").

13. The Debtor's Schedule A/B lists seven parcels of real property, with a combined scheduled value of $478,500.00. (D.E. 14). The Debtor schedules first mortgage liens with a combined total of $512,063.00. The Debtor further amended Schedule A/B to reflect lower property values of $427,900.00. (D.E. 27).

14. Multibank's review of the properties, however, demonstrates sufficient net equity to warrant the conclusion that the plan fails the best interests of the creditors test.

|  | Zestimate | First Mortg. | Exemption | Net Equity |
|---|---|---|---|---|
| 225 Redwood Street, Birmingham, AL | $190,000.00 | $143,878.00 | $15,000.00 | $31,1220.00 |
| 236 Daly Street, Birmingham, AL | $133,000.00 | $94,907.00 |  | $38,093.00 |
| 4832 Scenic View Drive, Birmingham, AL | $71,168.00 | $67,603.00 |  | $3,565.00 |
| 4941 Scenic View Drive, Birmingham, AL | $81,768.00 | $91,943.00 |  | $0.00 |
| 715 83rd Place, Birmingham, AL | $55,306.00 | $41,008.00 |  | $14,298.00 |
| 8341 Vassar Avenue, Birmingham, AL | $53,813.00 | $51,724.00 |  | $2,089.00 |

| | | | | |
|---|---|---|---|---|
| 750 83rd Street, Birmingham, AL | $50,829.00 | $24,000.00 | | $26,829.00 |
| | | | | $115,996.00 |

15. Even assuming the equity realized would be less than the above-cited $115,996.00 once sale costs and other related expenses are factored in, there is ample equity to pay all scheduled unsecured claims in full.

16. For the reasons stated above, the Plan fails to meet the confirmation standards of § 1325, which includes § 1325(a)(4)'s best interests of creditors test. The deficiencies in the Debtor's Plan set forth in this objection are intended to be non-exhaustive. Multibank reserves the right to raise additional objections to the Plan at or prior to the confirmation hearing.

WHEREFORE, Multibank 2009-1 RES-ADC Venture, LLC respectfully requests that the Court enter an Order sustaining its objection to confirmation of the Debtor's Plan, dismissing the Debtor's chapter 13 bankruptcy, and granting such other and further relief as the Court deems just and proper.

Dated: June 22, 2016        Respectfully submitted,

/s/ Jerrod M. Maddox
Jerrod M. Maddox, Esq.

JONES WALKER LLP
 *Attorneys for Multibank 2009-1 RES-ADC Venture, LLC*
11 N. Water Street, Suite 1200
Mobile, Alabama 36602
Email: *jmaddox@joneswalker.com*
Telephone: (251) 432-1414
Facsimile: (251) 433-4106

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 22, 2016, a true and correct copy of the foregoing was served on the parties listed below via ECF or first class U.S. mail as indicated below.

                                             */s/ Jerrod M. Maddox*
                                             Jerrod M. Maddox

## SERVICE LIST

| CM/ECF: | U.S. Mail: |
|---|---|
| *Debtor's Attorney* <br> C. Taylor Crockett <br> 2067 Columbiana Road <br> Birmingham, AL 35216 | Debtor <br> Timothy R. Lantz <br> 225 Redwood Street <br> Birmingham, AL 32510 |
| *Trustee* <br> D. Sims Crawford <br> P.O. Box 10848 <br> Birmingham, AL 35202 | |